IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP 14 2007
DAVID J. MALAND, CLERK
BY
DEPUTY ________

| | | |
|---|---|---|
| ROBYN PERKINS and DANNY PERKINS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 6:07cv436 |
| | § | |
| C.R. BARD, INC. And DAVOL, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Robyn Perkins and Danny Perkins respectfully file this Complaint against Defendants C. R. Bard, Inc. and Davol, Inc., and in support of this Complaint, Plaintiffs would show:

### I. PARTIES

1. Plaintiffs Robyn Perkins and Danny Perkins are residents of Mabank, Henderson County, Texas.

2. C. R. Bard is a New Jersey corporation with its principal place of business in Murray Hill, New Jersey. Defendant is and was at all times material herein doing business in the State of Texas. Service of process may be made on its

registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

3. Davol, Inc. is a Delaware corporation with its principal place of business in Cranston, Rhode Island. Davol, Inc. is a subsidiary of C.R. Bard, Inc. Service of process may be made on its registered agent, CT Corporation System, 10 Waybosset Street, Providence, Rhode Island 02903.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because of diversity of citizenship, the Plaintiffs, Robyn Perkins and Danny Perkins are Texas citizens and Defendant C. R. Bard, Inc. is a New Jersey corporation and Defendant Davol, Inc. is a Delaware corporation. In addition, the amount in controversy exceeds $75,000, excluding interest and costs.

## III. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## IV. FACTS

6. On or about September 15, 2005, Robyn Perkins had surgery to repair a hernia. A Bard Composix Kugel Hernia Patch with product code/reference code 0010202 and serial number/lot number 43FPD311 was inserted into her abdomen.

7. Approximately one week later, on or about September 22, 2005, Robyn Perkins had a second surgery to repair the same hernia. During this surgery the patch inserted on September 15, 2005 was removed and replaced with a second Bard Composix Kugel Hernia Patch with product code/reference code 0010206 and serial number/lot number 43CPD355 or 42CPD366 was inserted into her abdomen.

8. On or about July 12, 2007, Robyn Perkins had a third abdominal surgery during which the second defective Bard Composix Kugel Hernia Patch with product code/reference code 0010206 and serial number/lot number 43CPD355 or 43CPD366 was removed.

9. From December 2005 to January 2007, Davol, Inc. issued a number of recall notices for the Bard Composix Kugel Hernia Patch (also referred to as Bard Composix Kugel Mesh Patch). Each Bard Composix Kugel Hernia Patch inserted into Robyn Perkins' body during September 2005 were specifically identified by Davol, Inc. as recalled medical devices.

10. Defendant C.R. Bard, Inc. was at the time of these incidents and is now engaged in the business of manufacturing, distributing and selling Bard Composix Kugel Hernia Patches. C.R. Bard, Inc. designed, manufactured and

Case 6:07-cv-01934-HA Document 11 Filed 01/31/2007 Page 4 of 11

sold the Bard Composix Kugel Hernia Patches made the basis of this suit.

11. Defendant Davol, Inc. was at the time of these incidents and is now engaged in the business of manufacturing, distributing and selling Bard Composix Kugel Hernia Patches . Davol, Inc. designed, manufactured and sold the Bard Composix Kugel Hernia Patches made the basis of this suit.

## V. STRICT LIABILITY CAUSE OF ACTION AGAINST C. R. BARD, INC.

12. Plaintiffs adopt and reallege each paragraph set forth above.

13. Defendant C. R. Bard, Inc. was, at the time of this occurrence, and is now engaged in the business of designing, manufacturing, distributing, and selling Bard Composix Kugel Hernia Patches.

14. The Bard Composix Kugel Hernia Patches at issue were unreasonably dangerous and defectively designed, manufactured, distributed and marketed as follows:

15. The above defects and dangers were latent and the Plaintiff was not and could not be aware of the defects existence prior to her third surgery.

16. The Bard Composix Kugel Hernia Patches inserted into Robyn Perkins' body were substantially unchanged from their condition when sold and distributed by the Defendant, C. R. Bard, Inc.

17. The risks posed by use of the Bard Composix Kugel Hernia Patches placed in Robyn Perkins' body exceeded the benefits of the products so as to make the products unreasonably dangerous and defective by reason of design.

18. In addition, the Bard Composix Kugel Hernia Patches are defective by reason of design because safer alternative designs were available that in reasonable probability would have significantly reduced the risk of Robyn Perkins' injury without substantially impairing the utility of the product.

19. The Bard Composix Kugel Hernia Patches were defective for failure to provide adequate warnings and instructions for safe use.

20. The defects described above were a producing cause of the injuries to Plaintiff Robyn Perkins.

21. Defendant C. R. Bard, Inc. further represented to the public in general and specifically to users of the product that the Bard Composix Kugel Hernia Patch was a reasonably safe product and fit for its intended purpose. These representations were in fact false. Defendant is strictly liable for its misrepresentations. These misrepresentations were a producing cause of Robyn Perkins' damages outlined below.

22. The foregoing defects individually and in combination were a

producing cause of Plaintiffs' resulting damages described more fully below.

## VI. NEGLIGENCE CAUSES OF ACTION AGAINST C. R. BARD, INC.

23. Plaintiffs adopt and reallege each paragraph set forth above.

24. Defendant C.R. Bard, Inc., was negligent in the design, manufacture, marketing and representations of safety characteristics and suitability for medical use of the Bard Composix Kugel Hernia Patches. In addition, Defendant's negligent acts and/or omissions include the following:

A. Failing to adequate test this product before releasing it for sale and placement in the bodies of consumers like Robyn Perkins.

B. Failing to adequately monitor and analyze data regarding this product before releasing it for sale and placement in the bodies of consumers like Robyn Perkins.

25. Defendant's negligent acts and/or omissions individually and in combination were a producing and/or proximate cause of Robyn Perkins' damages described more fully below.

## VII. STRICT LIABILITY CAUSE OF ACTION AGAINST DAVOL, INC.

26. Plaintiffs adopt and reallege each paragraph set forth above.

27. Defendant Davol, Inc. was, at the time of this occurrence, and is now engaged in the business of designing, manufacturing, distributing, and selling Bard Composix Kugel Hernia Patches.

28. The Bard Composix Kugel Hernia Patches at issue were unreasonably dangerous and defectively designed, manufactured, distributed and marketed as follows:

29. The above defects and dangers were latent and the Plaintiff was not and could not be aware of the defects existence prior to her third surgery.

30. The Bard Composix Kugel Hernia Patches inserted into Robyn Perkins' body were substantially unchanged from their condition when sold and distributed by the Defendant Davol, Inc.

31. The risks posed by use of the Bard Composix Kugel Hernia Patches placed in Robyn Perkins' body exceeded the benefits of the products so as to make the products unreasonably dangerous and defective by reason of design.

32. In addition, the Bard Composix Kugel Hernia Patches are defective by reason of design because safer alternative designs were available that in reasonable probability would have significantly reduced the risk of Robyn Perkins' injury without substantially impairing the utility of the product.

33. The Bard Composix Kugel Hernia Patches were defective for failure to provide adequate warnings and instructions for safe use.

34. The defects described above were a producing cause of the injuries to Plaintiff Robyn Perkins.

35. Defendant Davol, Inc. further represented to the public in general and specifically to users of the product that the Bard Composix Kugel Hernia Patch was a reasonably safe product and fit for its intended purpose. These representations were in fact false. Defendant is strictly liable for its misrepresentations. These misrepresentations were a producing cause of Robyn Perkins' damages outlined below.

36. The foregoing defects individually and in combination were a producing cause of Plaintiffs' resulting damages described further below.

## VIII. NEGLIGENCE CAUSES OF ACTION AGAINST DAVOL, INC.

37. Plaintiffs adopt and reallege each paragraph set forth above.

38. Defendant Davol, Inc. was negligent in the design, manufacture, marketing and representations of safety characteristics and suitability for medical use of the Bard Composix Kugel Hernia Patches. In addition, Defendant's

negligent acts and/or omissions include the following:

A. Failing to adequate test this product before releasing it for sale and placement in the bodies of consumers like Robyn Perkins.

B. Failing to adequately monitor and analyze data regarding this product before releasing it for sale and placement in the bodies of consumers like Robyn Perkins.

39. Defendant's negligent acts and/or omissions individually and in combination were a producing and/or proximate cause of Robyn Perkins' damages described more fully below.

## IX. DAMAGES FOR PLAINTIFF ROBYN PERKINS

40. As a result of Defendants' actions, as pled above, Plaintiff Robyn Perkins was injured. She is entitled to recover for her damages, including but not limited to, damages for past and future medical expenses, past and future mental anguish, past and future physical pain, past and future incapacity, past and future economic damages including lost earnings and earning capacity, as well as additional out of pocket expenses as a result of her injuries, and past and future

disfigurement.

## X. DAMAGES FOR PLAINTIFF DANNY PERKINS

41. As a result of the injuries to Robyn Perkins, her husband Plaintiff Danny Perkins suffered past and future mental anguish, past and future loss of consortium, and past and future loss of household services.

## XI. CLAIM FOR EXEMPLARY DAMAGES

42. Robyn Perkins' injuries and damages as well as those of her husband, Danny Perkins, as described above, are the result of Defendants' gross negligence, fraud and/or malice. As a result, exemplary damages should be assessed against these Defendants in order to deter similar conduct in the future.

## XII. CLAIM FOR PREJUDGMENT INTEREST

43. Plaintiffs herein claim interest in accordance with applicable law.

## XIII. JURY DEMAND

44. Plaintiffs request that a jury be convened to try the factual issues in this cause.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that upon trial of this cause, this Honorable Court enter judgment for Plaintiffs

against Defendants for the damages requested herein, for cost of bringing this action, for interest from the date of the incident made the basis of this suit, and for such other relief as may appear to the Court to be proper.

Respectfully submitted,

TURLEY LAW FIRM

Linda Turley
State Bar No. 20303800

6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

ATTORNEY FOR PLAINTIFFS